IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GENE KIMMERLY SMITH (A TRUST), | Civil No. 05-6103-AA |
| | OPINION AND ORDER |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Gene Kimmerly Smith (a trust)
c/o P.O. Box 30
Canyonville, Oregon 97417
    Plaintiff appearing pro se

Karin Immergut
United States Attorney
District of Oregon
1000 SW 3rd Avenue, Suite 600
Portland, Oregon 97204-2024

Goud Maragani
U.S. Department of Justice
Tax Division
Ben Franklin Station
PO Box 683
Washington, D.C. 20044
    Attorneys for defendant

AIKEN, Judge:

Defendant has filed a motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). That motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff, appearing pro se, filed a sixteen page amended complaint against the United States of America to compel a refund of overpaid taxes for tax years 2001 and 2002; for cancellation of "bogus penalties allegedly issued for filing frivolous documents for tax years 2000 and 2001, where in fact the documents were properly filed;" for cancellation of unlawful assessments, penalties and interest "based on the inapplicable Form 1040;" and for cancellation of penalties for tax years 2000 and 2001 "for which payment in full was tendered by plaintiff." Amended Complaint, p. 1.

Plaintiff filed the complaint as "Gene Kimmerly Smith (A Trust)," explaining that plaintiff is an "indentured trust," "created by its Creator, the Social Security Administration, in construct in the year 1950, for the benefit of its Beneficiary 'General Trust Fund' (a.k.a.: United States Government), in accord with The Social Security Act of 1935, et seq." Id. at p. 2. Plaintiff further explained that:

> Plaintiff's Indenture was (for clarity) generated to exemplify Plaintiff's creation, which Indenture was accepted by said Creator as an instrument that legally, lawfully and accurately limits Plaintiff's creation,

>     existence and operation as created;
>
>     I. As with any business entity, Plaintiff's consciousness
>     necessary to function was created within the contract
>     of its creation;
>
>     ii. To fill such a contractual necessity, Plaintiff
>     borrowed consciousness and physical capacity from a
>     Stewardship in the Kingdom of Israel and assigned it
>     the title, Trustee.
>
>     iii. Said Stewardship likewise borrowed said consciousness
>     and physical capacity from its Steward (a capacity not
>     unlike Plaintiff's Trustee capacity).
>
>     iv. Said Steward likewise borrowed said consciousness
>     and physical capacity from the actual consciousness and
>     physical capacity of the man (born after the pattern
>     of the descendants of Adam and Eve) known as, Gene
>     K. Smith;
>
>     v. Said man, in his service to the same, is limited by
>     his covenants with God at least in accord with the
>     Law of Consecration (Genesis 1:28, et seq.).
>
>     vi. Said man has neither any interest in, nor the capacity
>     to have any interest in, Plaintiff.

Id. at p. 2-3.

Plaintiff seems to object to the Internal Revenue Service's (IRS) issuance of a penalty for plaintiff's decision to file a Form 1041 "as if the income and withholding belonged to a trust and as if you acted in the capacity of a trustee." Amended Complaint, p. 7. The IRS further alleged that plaintiff failed to provide any documentation with the return to verify the income tax withheld was from payments made to a trust," and directed that plaintiff "should have filed a personal Form 1040 return and claimed any federal withholding from your income on that personal

return."

Defendant United States of America moves to dismiss plaintiff's action because: (1) the court does not have subject matter jurisdiction over plaintiff's claim for a refund of overpaid taxes for tax years 2001 and 2002; (2) the Anti-Injunction Act bars plaintiff's request that the court cancel frivolous return penalties assessed against plaintiff for tax years 2000 and 2001; and (3) the Declaratory Judgment Act bars plaintiff's request for a declaratory judgment with respect to whether he filed appropriate tax returns for tax years 2000, 2001 and 2002.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

In order for this court to have subject matter jurisdiction over a tax refund suit pursuant to 28 U.S.C. § 1346(a)(1), a

taxpayer must allege that he has satisfied the following jurisdictional prerequisites. First, a taxpayer must have "fully paid" the tax for which a refund is sought. Second, the taxpayer must have filed a proper and timely claim for refund with the IRS. Third, the taxpayer's claim for refund must either have been rejected by the IRS or not have been acted upon by the IRS for six months. 26 U.S.C. § 6532(a)(1); Thomas v. United States, 755 F.2d 728, 729 (9th Cir. 1985).

Here, plaintiff has failed to fully pay assessments made against him for the 2002 tax year. Because plaintiff has failed to fully pay the tax assessments, the United States' sovereign immunity has not been waived. Without waiver of that immunity, this court lacks subject matter jurisdiction over plaintiff's claim for a refund for tax year 2002, therefore that claim is dismissed.

Regarding plaintiff's claim for a refund for tax year 2001, in order for this court to have jurisdiction over that claim, the IRS must have either illegally or erroneously assessed or collected income taxes from the plaintiff for tax year 2001. See 28 U.S.C. § 1346(a)(1). The IRS has not assessed or collected income taxes from the plaintiff for tax year 2001. See defendant's Ex. 2, attached to Maragani Declaration (Form 4340 for plaintiff for 2001 tax year showing that IRS has not made any assessments against plaintiff for tax year 2001). Therefore,

plaintiff's claim for a refund for tax year 2001 is dismissed.

Plaintiff next requests that this court "cancel" the frivolous return penalties assessed against him by the IRS for tax years 2000 and 2001. See Amended Complaint, p. 16. Plaintiff's request is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), barring all suits for the purpose of restraining the assessment or collection of any tax. A proceeding that falls within the Act's proscription must be dismissed for lack of subject matter jurisdiction.[1] See Alexander v. Americans United Inc., 416 U.S. 752, 757-58 (1974). Therefore, plaintiff's request that this court "cancel" the frivolous return penalties assessed against him for tax years 2000 and 2001 by the IRS is barred by the Anti-Injunction Act. Plaintiff's request is dismissed.

Finally, plaintiff's request for declaratory judgment is barred by the Declaratory Judgment Act. Plaintiff requests that the court declare that the appropriate tax form for plaintiff to file is a Form 1041 and that plaintiff filed valid tax returns for tax years 2000, 2001 and 2002. The Declaratory Judgment Act states in part:

---

[1] While the Act's proscription against enjoining the IRS's assessment and collection efforts is subject to limited statutory exceptions listed in 26 U.S.C. 7421(a), none of those exceptions apply here. Moreover, plaintiff is unable to show that his claim falls within the judicial exception to the Anti-Injunction Act. See Enochs v. Williams Packing Navigation Co., 370 U.S. 1, 6-8 (1962).

Page 6 - OPINION AND ORDER

> [i]n a case of actual controversy within its
> jurisdiction, except with respect to Federal taxes other
> than actions brought under Section 7428 . . . any court
> of the United States, upon the filing of an appropriate
> pleading, may declare the rights and other legal
> relations of any interested party seeking such declaration,
> whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

Based on this language, it is clear that District Courts do not have jurisdiction over any suit seeking a declaratory judgment with respect to federal taxes. See Alexander, 416 U.S. at 757-58. Therefore, plaintiff's request for declaratory judgment is denied.

## CONCLUSION

Defendant's motion to dismiss (doc. 11) is granted. Plaintiff's "Motion to Deny United States' Motion to Dismiss" (doc. 14) is denied. Moreover, plaintiff's motion and amended motion to deny admission of the declaration of Goud Maragani as evidence (docs. 20, 21) are denied; and plaintiff's motion for defendant to produce evidence (doc. 25) is denied as moot. Finally, defendant's motion to strike plaintiff's reply to defendant's reply (doc. 22) is denied.

///

///

///

///

///

This case is dismissed. All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this  5   day of December 2005.


            /s/ Ann Aiken            
                Ann Aiken
         United States District Judge